# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00434-JHM

CHRISTINA LOVE                                                                       PLAINTIFF

V.

G4S SECURE SOLUTIONS USA. INC.                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Christina Love's motion to remand. (DN 5.) Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

According to the complaint, Plaintiff Love was employed by Defendant G4S Secure Solutions USA, Inc. ("G4S"). (Pl.'s Compl. [DN 1-2] ¶ 4.) While employed, she was treated less favorably than her male counterparts, and she raised this issue with her employer. (*Id.* ¶ 5.) She also lawfully possessed a firearm while employed by G4S. (*Id.* ¶ 6.) Love was ultimately terminated by G4S. (*Id.* ¶ 7–11.) She brought the present action against G4S in Jefferson Circuit Court, asserting claims of gender discrimination and retaliatory discharge under the Kentucky Civil Rights Act, KRS Chapter 344 *et seq.*, as well as a claim of public policy wrongful termination for possessing a firearm. (*Id.* ¶ 11–14.) G4S removed to this Court (DN 1), and Love has moved to remand the case to state court on the basis that the amount in controversy is less than the $75,000 threshold required to meet this Court's jurisdictional requirement for diversity cases. (DN 5.) In support of this argument, Love submitted a stipulation through her counsel that she "will not seek a judgment or request a verdict for an amount in excess of $74,999.00[.]" (DN 7-1.) G4S has opposed the motion. (DN 7.)

## II. DISCUSSION

### A. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). G4S removed this action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

### B. ANALYSIS

It is undisputed that the parties are diverse and that Love has stipulated that the amount in controversy does not exceed $75,000. Therefore, the principal issue here is whether this stipulation is sufficient for the Court to remand Love's action to Jefferson Circuit Court.

Courts within the Sixth Circuit have "noted on several recent occasions that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold are generally disfavored because" if plaintiffs "were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (citations and quotations omitted); *see Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013); *Proctor v. Swifty Oil Co.*, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012). The Sixth Circuit has advised that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872.

"However, where a state prevents a plaintiff from pleading a specific amount of damages," as Kentucky does, "and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3) (emphasis in original). Therefore, a plaintiff may submit a stipulation that will destroy the amount in controversy requirement for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. *Id.*

When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to "limit the amount of recoverable damages and warrant remand." *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002); *see Agri-Power,* 2013 WL 3280244, at *3; *Proctor*, 2012 WL 4593409, at *3. This district "has recognized that a plaintiff may stipulate that it *neither seeks, nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will" be sufficiently unequivocal to destroy diversity jurisdiction. *Agri-Power*, 2013 WL 3280244, at *3 (emphasis added).

Love's stipulation in this case does not meet this standard. It states that she "will not seek a judgment or request a verdict for an amount in excess of $74,999.00 and will not seek attorney's fees for any amount that, together with any judgment or verdict, would exceed $74,999." (DN 7-1.) While Love stipulates that she will not *seek* a verdict of $75,000 or more, she does not stipulate that she will not *accept or seek to enforce* a judgment of that amount. The stipulation is "less than unequivocal" and thus deficient to defeat removal. *Accord Egan*, 237 F. Supp. 2d at 778 (denying motion to remand as stipulation did not effectively limit the judgment). *Compare with Leavell v. Cabela's Wholesale, Inc.*, 2015 WL 9009009, at *2–3 (W.D. Ky. Dec. 15, 2015) (Court lacked jurisdiction when plaintiff stipulated that she "will neither seek nor

accept damages in excess of $75,000"). Because the stipulation does not effectively limit the amount in controversy to a sum below $75,000, and there being no other challenge to the amount in controversy, this Court possesses subject matter jurisdiction over the case. Therefore, the motion to remand is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that plaintiff Christina Love's motion to remand is **DENIED**.

*Joseph H. McKinley, Jr.* signature

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 26, 2017

cc: counsel of record